UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE BARRAGAN JIMENEZ,<br><br>Petitioner,<br>v.<br><br>JULIO HERNANDEZ et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02992-DGE<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

Before the Court is Petitioner's petition for writ of habeas corpus. (Dkt. No. 1.) For the reasons discussed below, the Court GRANTS the petition and ORDERS a new bond hearing.

## I. BACKGROUND

Petitioner is from Mexico who has been living in the United States since he was three years old. (Dkt. No. 1 at 1–2.) Petitioner had been granted Deferred Action for Childhood Arrivals ("DACA"), but such status expired last year. (*Id*. at 5.)

On March 21, 2026, the Jerome County Sheriff's Office arrested Petitioner for Driving Under the Influence.[1] (Dkt. No. 10 at 2.) On that same day, Enforcement and Removal Operations ("ERO") issued an administrative warrant and a detainer for Petitioner's detention. (*Id.* at 3.) On June 17, 2026, Petitioner pled guilty to reckless driving, was sentenced to 180 days (with 91 days suspended and credit of 89 days of time served). (*Id.* at 2.) Petitioner was placed on one year of unsupervised probation and fined $500 (suspended). (*Id.*)

On June 18, 2026, Petitioner was transferred into Immigration and Customs Enforcement ("ICE") custody immediately upon his release from the Jerome County Jail. (*Id.* at 3.) ERO served Petitioner with a Notice to Appear ("NTA"), asserting Petitioner was inadmissible pursuant to §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1182 and 1182(a)(7)(A)(i)(I). (Dkt. No. 11-1 at 2.) Petitioner was transferred to the Northwest ICE Processing Center on June 23, 2026, where he remains. (Dkt. No. 10 at 3.)

Petitioner appeared for and participated in a court ordered bond hearing[2] on August 7, 2026 before Immigration Judge ("IJ") John Odell. (Dkt. No. 11-2.) The only record of IJ Odell's decision to deny Petitioner a bond is a two-page form order that contains checked boxes identifying Petitioner "failed to show he is not a danger to the community." (*Id.* at 2.)

The record shows Petitioner provided IJ Odell with over six hundred pages of documents in support of Petitioner's bond request. (Dkt. No. 5.) The documents included letters of support from his community, copies of tax returns, Petitioner's high school diploma, employer

---

[1] Petitioner has a history of driving related offenses, at least one of which was alcohol related. (Dkt. No. 1-7 at 602–603, 607–608.)

[2] This bond hearing was ordered based on a previous habeas petition filed by Petitioner. *See Jose Jesus Barragan Jimenez v. Hernandez, et al.*, Case No. 2:26-cv-02314-KKE.

certificates of service and achievement, a complete copy of his asylum application, confirmation of prior DACA status, information about his criminal history, and information from his sister who is a United States citizen. (*See id.*) This sister apparently offered to act as Petitioner's bond sponsor. (*Id.* at 609–621.)

Attorney Deena Tvinnereim appeared with Petitioner at the August 7, 2026 bond hearing. (Dkt. No. 1-3 at 1.) Tvinnereim states that during the bond hearing, IJ Odell "failed to reference any of the evidence [Petitioner] submitted" in support of his bond request. (*Id.*) Tvinnereim further identifies that IJ "Odell failed to review and apply the *Guerra*[3] factors and instead summarily denied bond, stating 'the petitioner was a danger.'" (*Id.*) Tvinnereim identifies "one can only speculate" as to the reasoning for IJ Odell's decision. (*Id.* at 3.)

Petitioner filed the present petition on August 25, 2026. (Dkt. No. 1.) Petitioner argues IJ Odell's denial of his bond request was an abuse of discretion and the proceedings violated due process. (*Id.* at 7–11.) Petitioner seeks release from custody. (*Id.* at 14.) Petitioner also seeks attorney fees under the Equal Access to Justice Act ("EAJA"). (*Id.* at 15.)

Respondents do not challenge Tvinnereim's description of the August 7, 2026 bond hearing. (*See* Dkt. No. 9.) In fact, Respondents admit that as of August 25, 2026, IJ Odell had *not* "issued a written bond memorandum setting forth the factual findings and legal reasoning supporting [Petitioner's] bond denial." (Dkt. No. 9 at 2.) Notwithstanding, Respondents argue Petitioner should be required to exhaust his administrative remedies to create a complete administrative record, thereby forcing IJ Odell to issue a written decision explaining the basis for

[3] *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) identifies the relevant factors an IJ is to consider in making bond determinations.

Petitioner's bond denial. (*Id.*) In the alternative, Respondents ask to "stay these proceedings for a minimum of thirty days to permit IJ Odell to issue a written bond memorandum." (*Id.*)

## II. ANALYSIS

The petition presents a now familiar fact pattern in which a detained noncitizen is left to wonder the reasons why an IJ denied their bond request, and a familiar argument by Respondents that a detained individual should be required to exhaust administrative remedies to learn the reasons why their bond request was denied. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1701 (W.D. Wash. 2026); *Vasquez v. Scott*, Case No. 2:26-cv-02515-DGE, 2026 WL 2285535 (W.D. Wash. Aug. 7, 2026); *Ascencio-Zetino v. Scott*, Case No. 2:26-cv-02856, 2026 WL 2686835 (W.D. Wash. Sept. 14, 2026). For the same reasons identified in *Soriano*, *Vasquez*, and *Ascencio-Zetino*, the Court finds it has jurisdiction to review the present petition and waives any prudential exhaustion requirement.

Similarly, the Court finds the bond hearing in this case was constitutionally deficient. Here, IJ Odell abused his discretion by failing to apply the *Guerra* factors to the evidence presented at the bond hearing and by failing to provide any explanation as to his findings. *See Soriano*, 830 F. Supp. at 1080 ("the IJ relied on Petitioner's immigration history, employment history, and the potential strength of Petitioner's claims for relief from removal to support a finding of flight risk without explaining why those factors established flight risk or how they outweighed the significant evidence showing Petitioner is fixed and stable with his family in his community"); *Segura Serrano v. Scott*, Case No. 2:25-cv-01268-LK, 2026 WL 1674357, at *9 (W.D. Wash. May 26, 2026) ("the IJ failed to provide rationale for her findings of flight risk and dangerousness and failed to engage whatsoever with the factors weighing against such findings"); *Flores Velazquez v. Hernandez*, C26-1846-SKV, 2026 WL 1815731, at *9 (W.D.

Wash. Jun. 24, 2026) ("it does not appear the IJ considered, or engaged with, the significant amount of evidence in Petitioner's favor"); *Huang v. Blanche*, Case No. 2:26-cv-02157-BAT, 2026 WL 2271901, at *8 (W.D. Wash. Jul. 17, 2026) ("the IJ failed to provide a meaningful rationale for his findings of flight risk and dangerousness and failed to engage with the factors weighing for or against such findings"); *Rodriguez-Pineda v. Hernandez*, Case No. 26-2367-MLP, 2026 WL 2321531, at *6 (W.D. Wash. Aug. 11, 2026) ("the cited reasons for denying bond do not stand on their own (or in the aggregate) and it does not appear the IJ considered, or engaged with, the significant amount of evidence in Petitioner's favor"); *Vazquez v. Scott*, Case No. 2:26-cv-02515-DGE, 2026 WL 2285535, at *5 (W.D. Wash. Aug. 7, 2026) ("the IJs are providing little to no explanation in support of their findings"); *Vasquez*, 2026 WL 2285535, *5 (finding abuse of discretion where IJ "fail[ed] to apply the *Guerra* factors at the [bond] hearing"); *Ascenscio-Zetino*, 2026 WL 2686835, *4 (finding abuse of discretion where "there is no indication whatsoever that any of [the *Guerra*] factors were weighed").

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Based on the record presented, the Court orders a new, constitutionally sufficient bond hearing. At the hearing, the IJ SHALL apply the *Guerra* factors to the evidence presented and either provide an oral decision on the record or immediately issue a written decision.

### III. Motion to Seal (Dkt. No. 2)

Petitioner seeks to maintain under seal exhibits G and H (which appear to correspond to Dkt. Nos. 1-7 and 1-8), both submitted in support of Petitioner's habeas petition. (Dkt. No. 2.) Petitioner seeks to seal these exhibits because they contain sensitive personal and identifying information. (*Id.*)

"There is a strong presumption of public access to the court's files." Local Civil Rule 5(g). "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access to judicial records is not absolute," there is a "strong presumption in favor of access." *Id.* "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).

Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (quoting *Kamakana*, 447 F.3d at 1178). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc*., 435 U.S. 589, 599 (1978)).

A motion to seal a document must include a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient. Local Civil Rule 5(g)(3)(B). Pursuant to Local Civil Rule 5(g)(3)(A), a motion to seal must include a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal.

Here, Petitioner has not certified that he met and conferred with Respondents prior to filing the motion to seal. In addition, it appears several other exhibits were filed under seal, perhaps inadvertently. (*See* Dkt. Nos. 1-2 through 1-6.) Furthermore, it appears certain documents contained in Dkt. Nos. 1-7 and 1-8 can be redacted rather than sealing all documents. Tax returns, identification cards and other personal identifying information may be redacted, but all other records, including letters of support and state court records may not be redacted.

Accordingly, Petitioner's motion to seal (Dkt. No. 2) is GRANTED as to Dkt. Nos. 1-7 and 1-8, but DENIED as to all other documents. The Clerk is directed to unseal the other documents.

In addition, Petitioner is **ORDERED to file a redacted version of Dkt. Nos. 1-7 and 1-8 no later than October 7, 2026**. The Clerk is directed to calendar this event.

## IV. ORDER

For the forgoing reasons, the Court GRANTS Petitioner's petition for writ of habeas corpus. (Dkt. No. 1.) The Court further ORDERS:

Accordingly, for the reasons articulated herein, the Court finds and ORDERS that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is GRANTED.

1. Within FOURTEEN (14) days of this order, Respondents must provide Petitioner with an individualized bond hearing (unless Petitioner requests a continuance to prepare for the bond hearing).
2. If the individualized bond hearing is not conducted within fourteen days of this order (unless Petitioner requests a continuance), Petitioner MUST be released no later than the fifteenth day after this hearing under appropriate conditions of supervised release.

3. Petitioner SHALL not be transferred from this District while he awaits his bond hearing.
4. Petitioner and Respondents MUST file a status report on the status of Petitioner's bond hearing no later than FIFTEEN (15) days from this order. The status report MUST detail if and when the bond hearing occurred, if bond was granted or denied and, if denied, the reasons for that denial. The Clerk is directed to calendar this event.
5. Petitioner seeks an award of fees. (Dkt. No. 1 at 15.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed no later than **December 22, 2026**.

Dated this 23rd day of September, 2026.

David G. Estudillo
United States District Judge